**FILED**
**U.S. District Court**
**District of Kansas**
06/23/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS D. CLAY,

      **Plaintiff,**

      v.                                        **CASE NO. 26-3082-JWL**

SAM CLINE, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is currently in custody at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On May 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed as barred by the statute of limitations. This matter is before the Court on Plaintiff's response to the MOSC. (Doc. 9.)

Plaintiff alleges that he was provided with inadequate medical care on June 19, 2017, at the Lansing Correctional Facility ("LCF") in Lansing, Kansas. Plaintiff asserts violation of his rights under the Eighth Amendment, as well as claims for negligence and attempted murder. Plaintiff names as defendants Sam Cline, Warden of LCF; Linda Winklebauer, Deputy Warden; Sergeant Fave; David Howard; Corizon Health; Crystal Howell; and Dr. Snow, KU Medical. Plaintiff seeks money damages of $2 million. (Doc. 1-1, at 1.)

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of

1

limitations.  Plaintiff filed his action on April 9, 2026, based on events occurring in 2017.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  The Court found that Plaintiff did not allege facts suggesting that he would be entitled to statutory or equitable tolling and ordered Plaintiff to show good cause why his claims should not be dismissed as barred by the statute of limitations.

In response to the MOSC, Plaintiff does not dispute the fact that his claims accrued in 2017.  Instead, he argues that he filed an "Injury Claim Form" within the two-year limitations period.  (Doc. 9, at 3.)  He also mentions that he did not know anything about the law and states that he suffers from PTSD, ADHD, bi-polar, multiple personality disorder, and schizophrenia.  *Id.* at 2, 4.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v.*

*Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  Plaintiff does not allege that he was unaware of the facts supporting his cause of action when they occurred in 2017.

Plaintiff argues that his circumstances should excuse him from the application of the statute of limitations.  Kansas recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an affirmative inducement to plaintiff to delay bringing the action." *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)).  The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir. 2019) (unpublished) (citing *McClain v. Roberts*, —— Kan. App. ——, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)); *see also Harris v. Neill*, —– Kan. App. ——, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. App. Sept. 25, 2009) (unpublished)).

The record fails to support a claim that Defendants affirmatively induced Plaintiff into delaying his filing of this suit.  Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing.  *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted).

Plaintiff claims that he does not have a lawyer or know about the law, and he mistakenly believed that submitting an administrative claim within two years satisfied the statute of

limitations.  Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances.  "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing."  *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")).  Plaintiff does not demonstrate any extraordinary circumstance that would entitle him to equitable tolling of the limitation period.

Plaintiff also mentions having mental health issues.  Kansas statutes set forth tolling for persons under legal disability.  K.S.A. § 60-515(a) provides that:

> (a) *Effect.* Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.
>
> Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

K.S.A. 60-515(a).

Plaintiff does not allege that he was denied court access nor provide factual support for a claim that the statute of limitations should be tolled based on his mental health issues.  *See Eden v. Webb*, 2022 WL 621317, at *2 (D. Kan. 2022) ("The problem with Plaintiff's tolling argument is that his allegations do not demonstrate that he was legally incapacitated.").  The Court in *Eden* found that the Kansas Legislature has provided that in construing Kansas statutes:

4

> 'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 2002 Supp. 59–3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

*Id*. (citing K.S.A. § 77-201)[1]. The Court went on to find that:

> Plaintiff offers no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs. Plaintiff claims he suffered memory loss and a brain injury. These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury, let alone that he was incompetent for the approximately two years between his arrest and his viewing of the body camera footage. *See Farhat v. Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at *4 (W.D. Okla. Feb. 14, 2008) (finding plaintiff's allegations of short-term memory loss and brain injury were insufficient to establish incompetence such that statute of limitations should be tolled). *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

*Id*. at *3 (finding that "[b]ecause statutory tolling under K.S.A. 60-515(a) is inapplicable to Plaintiff, he does not benefit from the tolling provided by the Kansas Supreme Court").

Plaintiff has not shown that his mental health issues warrant tolling. Plaintiff bears the burden of establishing a factual basis for tolling, and he has not met that burden.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle*, 435 F.3d at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

---

[1]  It appears that parts of this statute were amended by 2025 Kansas Laws Ch. 40 (H.B. 2359). It appears that the only change to the cited language is the substitution of "section 25" for K.S.A. 59-3051 in the cited paragraph.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.[2]

**IT IS SO ORDERED**.

**Dated June 23, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2]A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).